JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Blue Star Media, LLC

## DEFENDANTS
Jones Team Sports, Inc. d/b/a Blue Star Sports

**(b)** County of Residence of First Listed Plaintiff   Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Dallas
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Gavin P. Lentz, Esquire, Bochetto & Lentz, P.C., 6000 Sagemore Drive, Suite 6301, Marlton, NJ  08053, (856) 722-9595

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government
  Plaintiff
- ☒ 3  Federal Question
  *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government
  Defendant
- ☐ 4  Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                      *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | ☐ 690 Other | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☒ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. section 1114, et seq.
Brief description of cause:
Trademark Infringement

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
in excess of $150,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*:
JUDGE _____   DOCKET NUMBER _____

DATE  8/2/17
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

|  |  |
|---|---|
| BLUE STAR MEDIA LLC<br>1950 Street Road, Suite 104<br>Bensalem, PA 19020<br><br>    and<br><br>BLUE STAR PRODUCTIONS INC.<br>1950 Street Road, Suite 104<br>Bensalem, PA 19020<br><br>                *Plaintiffs,*<br>   vs.<br><br>JONES TEAM SPORTS INC. d/b/a<br>BLUE STAR SPORTS<br>One Cowboys Parkway<br>Irving, TX 75063<br><br>                *Defendant.* | Civil Case No.<br><br><br>__JURY TRIAL DEMANDED__ |

## COMPLAINT

This is an action for trademark infringement, unfair competition, false designation of origin, and unjust enrichment.

## PARTIES

1.　　Blue Star Media LLC, is a Pennsylvania Corporation which may be served at 1950 Street Road, Suite 104, Bensalem, PA 19020 ("BSM").

2.　　Blue Star Productions Inc., is a Pennsylvania Corporation which may be served at 1950 Street Road, Suite 104, Bensalem, PA 19020 ("BSP").

3.　　For the purposes of this Complaint, BSM and BSP will be collectively referred to as "Blue Star" or "Plaintiffs."

4.     Defendant Jones Team Sports Inc. d/b/a Blue Star Sports is, upon information and belief, a Texas Corporation which may be served at One Cowboys Parkway, Irving, TX 75063 ("Defendant").

## JURISDICTION AND VENUE

5.     This action arises under the trademark laws of the United States, 15 U.S.C. § 1051, *et seq*. This action also arises under principles of state common and statutory law. Federal question jurisdiction is conferred pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

6.     In addition, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the parties are citizens of different states, and the amount in controversy is in excess of $75,000.

7.     This Court has supplemental jurisdiction over the claims brought under state statutory and common law pursuant to 28 U.S.C. §§ 1338 (b) and 1367.

8.     This Court has personal jurisdiction over Defendant because Defendant transacts business in the State of New Jersey, engages in a persistent course of conduct in the State of New Jersey and expects, or reasonably should expect, its acts to have legal consequences in the State of New Jersey.

9.     By way of limited example only, on April 19, 2017, Defendant issued a press release stating in relevant part that "New Jersey Youth Soccer Announced an agreement today that names Blue Star Sports as its Official Youth Sports Technology Partner." (*See* a true and correct copy of the "April 19, 2017 Press Release" attached hereto as **Exhibit "A."**)

10.     A copy of the April 19, 2017 Press Release is also featured on Defendant's website www.bluestarsports.com in the "News" section and can be accessed at: https://bluestarsports.com/articles/NJYS_April19.pdf

2

11.     Venue is proper in the District of New Jersey ("the District") pursuant to 28 U.S.C. § 1391 because Plaintiffs regularly conduct business in the state of New Jersey, have recently marketed and conducted a basketball camp using Plaintiff's trademark in Thorofare, New Jersey called "A Rising Blue Star," a substantial part of the acts and omissions giving rise to these claims occurred in the District, and Defendant expects, or reasonably should expect, its acts and omissions to have legal consequences in the District.

## FACTS COMMON TO ALL COUNTS

12.     Plaintiffs launched their first Blue Star basketball camp in 1983.

13.     Since at least as early as 1983, Plaintiffs have developed considerable goodwill and fame in the amateur sports player development and event business.

14.     Since 1983, Plaintiffs' brand has become well-known throughout the United States and worldwide as the premier source of high level amateur basketball recruitment, talent development, events, and thought leadership.

15.     In 2010, Blue Star launched "Blue Star Media," which has become the leading source of information and news in the field of amateur basketball recruiting and talent development worldwide.

16.     Through its 34 years as a leader in the industry, Blue Star has developed broad trademark rights in the term "BLUE STAR" in the field of amateur sports, particularly basketball.

17.     Over the last 34 years, Blue Star has become will known for developing elite athletes who have gone on to have successful careers in their sport.

18.     As a result, through the efforts of Blue Star and its owner Michael Flynn ("Flynn"), Blue Star has developed significant and valuable relationships in the industry of amateur sports.

19.     Blue Star is the owner of federal U.S. Trademark Registration No. 1,677,944 registered in the United States Patent and Trademark Office ("USPTO") for the mark "BLUE STAR" for "operating basketball camps."   This federal registration is valid, subsisting and incontestable.  (*See* a copy of Blue Star's BLUE STAR® registration is attached hereto as **Exhibit "B."**)  As evidenced by the USPTO's issuance of Registration No. 1,677,944 the BLUE STAR® mark is inherently distinctive.

20.     Further, on May 3, 2011, Blue Star filed a Declaration under Section 15 of the Lanham Act, 15 U.S.C. § 1065, making the trademark BLUE STAR® incontestable.

21.     Between 1983 and the present date, Blue Star has continuously operated basketball camps under the name BLUE STAR®.  (*See* a true and correct copy of Blue Star marketing materials attached hereto as **Exhibit "C."**)

22.     In or about 2010, Plaintiffs formed Blue Star Media LLC in order to create an online presence and community revolving around basketball camps, tournaments, events, rankings, news, and other related happenings.

23.     Moreover, between 1983 and the present date, Blue Star has continuously used the name BLUE STAR® in together with an image of a five-pointed blue star to market its basketball camps and the websites www.bluestarbb.com and www.bluestarmedia.org, which contain information about amateur basketball tournaments, events, rankings, news, etc.

24.     Further, between 1983 and the present date, Blue Star has regularly and continuously hosted, participated in, promoted, and otherwise marketed amateur basketball camps and events throughout the United States under the BLUE STAR® name and symbol.

25.     In addition, the BLUE STAR® mark receives frequent unsolicited recognition in print, internet, television, radio and other media.

26.     As a result of Plaintiffs' long-time, continuous and exclusive advertising, promotion and hosting of basketball camps and events bearing the BLUE STAR® mark, and frequent recognition of the BLUE STAR® mark in the media, Plaintiffs have established strong secondary meaning in the BLUE STAR® mark.

27.     As a result of the above, Plaintiffs have acquired substantial valuable good will symbolized by the BLUE STAR® mark.

28.     Use of the BLUE STAR® mark for amateur basketball camps, events, tournaments, rankings and other related media is exclusive and unique to Plaintiffs.

### Defendant's Willful Infringement

29.     Defendant is a Texas based company that holds itself out as "BlueStar Sports" or "BlueStar Youth Sports". (*See* a true and correct copy of Defendant's Pitchbook attached hereto as **Exhibit "D."**)

30.     Defendant initially began marketing itself as a software / payment solution for youth sports, and applied for the trademark "Blue Star Sports" as a downloadable software and/or a software as a service. (*See* a true and correct copy of Defendant's April 2016 trademark application attached hereto as **Exhibit "E."**)

31.     However, subsequently, Defendant engaged in an acquisition campaign to increase its nationwide and global presence.

32.     Defendant's subsequent marketing campaigns have included the unlawful use of Plaintiff's incontestable trademark in a way that is likely to cause confusion in the marketplace.

33.     By way of limited example, Defendant recently acquired "Stack" which is branded as an avenue of "unmatched access and distribution to the valuable teen athlete and their key influencers through a single access point combining membership tools, software, media, content and events." (*See* a true and correct copy of Defendant's July 10, 2017 Press Release attached hereto as **Exhibit "F."**)

34.     The press release further states that according to Rob Wechsler, Founder and CEO of Blue Star Sports, "[t]he vision for Blue Star Sports has always been to transform ***all aspects of youth sports through the entire value chain***. Blue Star Sports now has every product for every sport at every level everywhere sports are played." *See* Ex. F (emphasis added).

35.     Additionally, "with the acquisition of STACK ... we are positioned to further accelerate our growth and make an even bigger impact on the youth sports ecosystem with innovative technology solutions, content, media educational tools and ***in-person events focused on player development***." *See* Ex. F (emphasis added).

36.     Similarly, in a recent press release, Defendant held itself out as "the global leader in youth sports management providing a complete innovative technology platform for national governing bodies, youth sports leagues, clubs and associations." (*See* a true and correct copy of Defendant's July 17, 2017 Press Release attached hereto as **Exhibit "G."**)

37.     The press release lists companies "under the Blue Star Sports platform" and includes "Bigfoot Hoops," "PrimeTime Sports," and "Student Sports." *See* Ex. G.

38.     These companies are heavily involved in the organization and promotion of sporting events, including amateur basketball camps and tournaments.

39.     By way of example, "Bigfoot Hoops," which holds itself out on its website www.bigfoothoops.com as "A Blue Star Sports Company," organizes and promotes basketball tournaments and markets these tournaments to amateur athletes and college coaches.

40.     Similarly, "PrimeTime Sports" has an entire section on its website, www.primetimesportz.com, dedicated to basketball tournaments, which, upon information and belief, it organizes, promotes and markets to amateur athletes and college coaches.

41.     Similarly, "Student Sports," which holds itself out on its website www.studentsports.com as "A Blue Star Sports Company," "is a premier event and grassroots marketing organization dedicated to the student-athlete. [Student Sports'] events offer a safe environment and level playing field for student-athletes to compete on a national platform, against the most talented collection of their peers." (*See* Student Sports "about" page attached hereto as **Exhibit "H."**)

42.     Moreover, Student Sports states that "[t]hrough our partnerships with leading national media outlets we provide distribution and exposure that is unmatched in the high school space, leading to an organic connection with this hard to reach demographic." *See* Ex. H.

43.     Accordingly, through its recent acquisitions, Defendant has entered Plaintiffs' industry and market, and has done so under an infringing and confusingly similar name "Blue Star Sports."

## Defendant's Use of the Infringing Mark is "New"

44.     As set forth above, through its recent acquisitions, Defendant has recently entered and began to compete with Plaintiffs' in their market under the name "BLUE STAR" (the "Infringing Mark").

45.     Defendant has not made longstanding or continuous use of the Infringing Mark.

46.     Defendant adopted the Infringing Mark notwithstanding Plaintiff's prior and well-established common law and federal statutory rights in the BLUE STAR® mark, and with at least constructive notice of federal registration under 15 U.S.C. § 1072.

47.     "BLUE STAR" is an infringement of Plaintiff's BLUE STAR® mark.

### Defendant Ignored Plaintiff's Cease and Desist Letters

48.     Plaintiff learned of Defendant's use of the Infringing Mark on or about June of 2017.

49.     On June 5, 2017, Plaintiff sent a letter to Defendant's Texas address demanding that Defendant cease and desist from any and all uses and variations of the BLUE STAR® mark in connection with the marketing of basketball camps and tournaments, other amateur sport camps and tournaments, as well as other related activities likely to cause confusion in the marketplace. (*See* a true and correct copy of Plaintiff's June 5, 2017 cease and desist letter that was sent to Defendant's Texas location attached hereto as **Exhibit "I."**)

50.     Defendant failed to respond to Plaintiff's cease and desist letter within the time frame requested in the letter.

51.     Defendant's recent acquisition of entities competing with Plaintiff's business and use of the Infringing Mark in connection with these competing businesses can only be seen as a willful attempt to palm off Plaintiff's good will in its BLUE STAR® mark, and as a blatant attempt to create consumer confusion.

52.     Defendant's adoption and use of the Infringing Mark in connection with basketball camps, tournaments, media, news, and other events aimed at amateurs has caused and is likely to cause confusion, mistake or deception as to source, association, affiliation or sponsorship of its goods and services. Specifically, ordinary consumers in the United States who

encounter Defendant's goods and services are likely to mistakenly believe that such goods and services emanate from, are related to, or are otherwise authorized, sponsored or endorsed by Plaintiff.

53.     All such conduct by Defendant was and continues to be in bad faith, willful, deliberate and in knowing violation of the law.  Specifically, Defendant adopted the Infringing Mark in a willful attempt to copy Plaintiff's BLUE STAR® mark and to trade on and injure the valuable good will and business reputation associated with the BLUE STAR® mark.

54.     Based upon Defendant's actions and repeated failure to respond to Plaintiff's cease and desist letter, Defendant will continue its tortious acts, including its infringement and unfair competition, unless restrained by this Court.

**COUNT I**
**Lanham Act – 15 U.S.C. § 1114**
**INFRINGEMENT OF A FEDERALLY REGISTERED MARK**

55.     The averments of the foregoing paragraphs are incorporated by reference herein with the same force and effect as if set forth in full below.

56.     This cause of action arises under the trademark laws of the United States, 15, U.S.C. § 1114.

57.     Defendant's use of the Infringing Mark in connection with basketball camps and related amateur sports activities constitutes infringement of Plaintiff's federally registered trademark, Registration No. 1,677,944; all in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

58.     As a result of the said trademark infringement, Plaintiff has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

## COUNT II

### Lanham Act – 15 U.S.C. § 1125
### FEDERAL UNFAIR COMPETITION AND FALSE DESGINATION OF
### ORIGIN UNDER THE LANHAM ACT

59.    The averments of the foregoing paragraphs are incorporated by reference herein with the same force and effect as if set forth in full below.

60.    This cause of action arises under the trademark laws of the United States, 15 U.S.C. § 1125(a).

61.    Defendant has adopted and is now using a colorable imitation of Plaintiff's BLUE STAR® mark for goods and services that are identical to or substantially similar to those offered by Plaintiff.

62.    Defendant's use of a colorable imitation of Plaintiff's trademark in connection with Defendant's directly competing goods and services has caused and will cause customers and potential customers to mistakenly attribute the properties and reputation of Plaintiff's goods and services to those of the Defendant.

63.    Plaintiff has no control over the quality of goods and services that are provided, promoted, advertised and sold by Defendant, with the result that Plaintiff's valuable reputation and good will with respect to its BLUE STAR® mark will be irreparably injured by the acts of Defendant complained of herein.

64.    Defendant's use of the Infringing Mark in connection with its goods and services constitutes a false description and representation, a false designation of the origin of Defendant's goods, and unfair competition, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

65.     As a result of said unfair competition and false designation of origin, Plaintiff has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

## COUNT III

### UNFAIR COMPETITION

66.     The averments of the foregoing paragraphs are incorporated by reference herein with the same force and effect as if set forth in full below.

67.     This cause of action arises under the common law.

68.     Defendant's aforementioned conduct constitutes unfair competition as it is likely to cause confusion, mistake or deception in violation of the common law of the State of New Jersey.

69.     By means and as a result of said unfair competition, Plaintiff has suffered and continues to suffer serious and substantial injury, including irreparable injury, for which it has no adequate remedy at law.

## COUNT IV

### DECLARATORY JUDGMENT

70.     The averments of the foregoing paragraphs are incorporated by reference herein with the same force and effect as if set forth in full below.

71.     Defendant recently filed a trademark application for "Blue Star Sports" on April 12, 2016, serial number 86972974. (*See* Ex. E.)

72.     Defendant listed the goods and services covered by the trademark as:

> Downloadable software in the nature of a mobile application for the administration, management, and monitoring, organization, and operation of sporting, entertainment or recreational activities or events. Downloadable software in the nature of a mobile application for athletic teams, sports leagues, participants,

11

coaches, parents, sponsors, owners, directors or attendees of sporting, entertainment or recreational events or activities to register, pay, track progress, monitor performance, check results and receive information on past or future events they are interested in.

Software as a service (SAAS) services featuring software for the administration management, monitoring, organization, and operation of sporting, entertainment or recreational activities or events; Software as a service (SAAS) services featuring software for athletic teams, sports leagues, participants, coaches, parents, sponsors, owners, directors or attendees of sporting, entertainment or recreational events or activities to register, pay, track progress, monitor performance, check results and receive information on past or future events they are interested in.

(*See* Ex. E.)

73.     Defendant seeks a trademark that grants Defendant the right to use the "Blue Star Sports" name in relation to software that helps manage and interact with the individuals associated with a sports training camp, including but not limited to an amateur basketball training camp, like Plaintiff's.

74.     Defendant seeks a trademark that grants Defendant the right to use the "Blue Star Sports" name in relation to software as a service (SAAS) that helps manage and interact with individuals associated with a sports training camp, including but not limited to an amateur basketball training camp, like Plaintiff's.

75.     Currently, Plaintiff, through its website, offers event registration and an online service that provides amateur player rankings, information on players, information on parents, and information on coaches, information about events, a newsletter, and means by which individuals, parents, and coaches can pay and register for Plaintiff's services and camps. (*See*

www.bluestarbb.com website and marketing for the "Blue Star Basketball Report" attached hereto as **Exhibit "J."**)

76.     As a result, Plaintiff has already been utilizing the BLUE STAR® mark for online software as a means for registration, payment, progress tracking, performance monitoring, and other organizational services for participants, coaches, parents and sponsors.

77.     Moreover, it is natural for athletes and organizers of such amateur sports camps to cross over into other sports, including soccer, lacrosse, field hockey, football, and therefore hosting amateur sports camps, organizing events, and developing software for those camps and events is a natural zone of expansion for Plaintiff.

78.     Defendant has filed a trademark application infringes and/or is confusingly similar to Plaintiff's mark which has been used on Plaintiff's website in relation to software and/or software as a service to provide registration, payment, progress tracking, performance monitoring, and other organizational services to participants, coaches, parents, and sponsors. (*See* Ex. J.)

79.     Additionally, Defendant is seeking a trademark for software and/or software as a service to provide registration, payment, progress tracking, performance monitoring, and other organizational services to participants, coaches, parents, and sponsors in a zone of natural expansion for Plaintiff's business and BLUE STAR® trademark.

80.     Accordingly, Defendant has sought to improperly obtain a trademark that is confusingly similar to Plaintiff's existing mark, that infringes on Plaintiff's existing mark, and/or is in a zone of natural expansion for Plaintiff's existing mark.

81.     For all of the reasons set forth in this Complaint, Defendant's trademark application should be denied and Defendant's trademark should be declared invalid.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff PRAYS FOR RELIEF from the actions and conduct of Defendant as follows:

1.      That Defendant, its subsidiaries, agents, officers, sales representatives, servants, employees, associates, franchisees, attorneys, successors and assigns, and any and all persons or entities acting by, through, under or in active concert or in participation with any and all of them, be enjoined preliminarily and permanently by Order of this Court from doing, abiding, causing or abetting any of the following:

    (a)    directly or indirectly infringing Plaintiff's BLUE STAR® mark;

    (b)    from passing off, inducing or enabling others to sell or pass off, any of Defendant's goods or services as originating from Plaintiff, or sponsored, approved, or authorized by Plaintiff;

    (c)    directly or indirectly engaging in any acts or activities calculated to trade upon Plaintiff's BLUE STAR® mark, and/or the reputation or good will of Plaintiff, or in any manner to compete with Plaintiff unfairly;

    (d)    using the BLUE STAR® mark in the sale, offer for sale, promotion, advertising, marketing and/or distribution of Defendant's goods or services, or any mark, such as BLUE STAR, which is a variant of, simulates, is a colorable imitation of, or imitates Plaintiff's BLUE STAR® mark, in a manner that is likely to deceive, falsely describe or misrepresent the source of Defendant's goods or services and thereby create confusion among the purchasing public or the trade;

    (e)    further violating Plaintiff's property rights and good will; and,

    (f)    from otherwise competing unfairly with Plaintiff in any manner whatsoever;

2.      That Defendant be required to deliver up to Plaintiff for destruction, all promotional materials, apparel, advertisements, signage, packaging, labeling and other communications to the public in the possession or under its control bearing thereon any material or representations that are or may be false or misleading concerning the source of origin of the goods and services offered by Defendant;

3.      That Defendant be required to modify its promotional materials, apparel, advertisements, signage, packaging, labeling and other communications to the public in the possession or under its control bearing thereon any material or representations to remove the Infringing Mark;

4.      That Defendant take all necessary and appropriate steps to recall for destruction all advertising and other materials, including but not limited to signage, menus, advertising and promotion bearing the Defendant's Infringing Mark or any colorable imitation of Plaintiff's BLUE STAR® mark and that Defendant be required to remove such Infringing Marks from its signage, menus, promotional materials, advertisements and other writings;

5.      That Defendant's trademark application and the trademark, serial number 86972974, is declared invalid;

6.      That Plaintiff be awarded its actual damages and/or a disgorgement of Defendant's profits, direct or indirect, for Defendant's infringements in an amount to be determined at trial, to be increased to the maximum permitted by law, for its acts of willful infringement;

7.      That the Court award Plaintiff its costs, including attorney's fees, and an assessment of interest;

8.      That the Court award Plaintiff's damages on the common law causes of action;

9.      That the amount of Plaintiff's damages and/or Defendant's profits be trebled as a result of Defendant's willful and deliberate infringement of Plaintiff's rights;

10.     That the Court find this case to be exceptional;

11.     That Plaintiff be awarded punitive damages for Defendant's willful and deliberate, unlawful acts complained of herein; and,

12.     That Plaintiff be awarded such other relief as this Court deems just and proper.


### JURY DEMAND

Plaintiff demands trial by a jury of twelve on all claims to which it is entitled.


Respectfully Submitted,

**BOCHETTO & LENTZ, P.C.**

Dated: 8-2-17

By: _____
Gavin P. Lentz, Esquire
Anton Kaminsky, Esquire
6000 Sagemore Drive, Suite 6301
Marlton, NJ  08053
Ph: (856) 722-9595
glentz@bochettoandlentz.com
akaminsky@bochettoandlentz.com
*Attorneys for Plaintiffs*